IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHARLES BROWN; MARNIE BROWN;
COURTNEY WELLS; AUSTIN WELLS;
B.B., a minor, by and through his mother
and father and next friends, Charles Brown
and Marnie Brown; and G.B., a minor,
by and through his mother and father
and next friends, Charles and Marnie Brown                              PLAINTIFFS



vs.                                         Civil Action No.: 3:14cv197DPJ-FKB

FORD MOTOR COMPANY; XYZ
Corporations 1-10                                                       DEFENDANTS

## COMPLAINT
(Jury trial demanded)

COME NOW the Plaintiffs, Charles Brown; Marnie Brown; Courtney Wells; Austin Wells; B.B., a minor, by and through his father and mother and next friends, Charles Brown and Marnie Brown; and G.B., a minor, by and through his father and mother and next friends, Charles and Marnie Brown, by and through their attorneys, and file this Complaint for damages against Defendants Ford Motor Company and XYZ Corporations 1-10. In support thereof, the Plaintiffs respectfully show unto the Court the following:

### Parties

1.    Plaintiff Charles Brown is an adult resident citizen of Forrest County, Mississippi.

2.    Plaintiff Marnie Brown is an adult resident citizen of Forrest County, Mississippi.

3.    Plaintiff Courtney Wells is an adult resident citizen of Forrest County, Mississippi.

4.    Plaintiff Austin Wells is an adult resident citizen of Forrest County, Mississippi.

1

5. Plaintiff B.B. is a minor and the son of Plaintiffs Charles and Marnie Brown and is a resident of Forrest County, Mississippi.

6. Plaintiff G.B. is a minor and the son of Plaintiffs Charles and Marnie Brown and is a resident of Forrest County, Mississippi.

7. Defendant Ford Motor Company is a foreign corporation, organized under the laws of the State of Delaware, with its principal place of business in the State of Michigan. It is qualified to do business in the State of Mississippi and can be served by delivering a summons and copy of this Complaint to its registered agent, CT Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi, 39232, pursuant to the Federal Rules of Civil Procedure.

8. Defendants XYZ Corporations 1-10 are unknown entities that may be liable to the Plaintiffs for the injuries and damages alleged herein. Once said entities have been identified, if any, the Plaintiffs will substitute the fictitious defendant with the appropriate party, pursuant to the Federal Rules of Civil Procedure.

## Jurisdiction and Venue

9. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332 as every issue of law or fact is wholly between citizens of different states, and the amount in controversy exceeds $75,000.00.

10. This Court has personal jurisdiction over the parties.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b).

## Facts

12. Plaintiffs Charles and Marnie Brown are husband and wife, and are the parents of Plaintiffs Courtney, Austin, B.B., and G.B. ("the Brown family").

13.   On or about May 10, 2011, a 2001 Ford F-150, VIN 1FTRX18L81KF40659 ("the truck") owned by Plaintiff Charles Brown at the time, was turned off and parked in the carport of the Plaintiffs' home located at 115 Hamilton Drive, Petal, Mississippi.

14.   On the evening of May 10, 2011, or early morning of May 11, 2011, a fire ignited, which began in the engine compartment of the truck and ultimately destroyed the Browns' home and the truck ("the fire").

15.   At the time of the fire each Plaintiff and member of the Brown family, other than Austin, was at home.

16.   The speed control deactivation switch ("SCDS") located in the engine compartment of the truck was defective and failed, and it was the source and cause of the fire.

17.   As a result of the fire the Browns' home, personal property and belongings in the house, and the Ford truck were destroyed.

18.   Since the fire, each member of the Brown family exhibits significant emotional and psychological damage, including anxiety and depression.

19.   Each member of the Brown family, other than Austin, has been diagnosed with post-traumatic stress disorder by a mental health professional as a consequence of the fire.

20.   Plaintiff Austin Wells has been unable to afford the mental health services necessary to evaluate his psychological and emotional damage because of the fire, though Austin exhibits many of the same symptoms associated with post-traumatic stress disorder.

21.   Following the fire, the Brown family was forced to downsize their living arrangements. At the time of the fire, the Browns had lived in their home at 115 Hamilton Drive, Petal, Mississippi, since 2007. The home was located in town, in close proximity to the Browns' community. Their three-bedroom, approximately 1,600 square foot home provided the exact

amount of living space the Browns desired and needed. Because of their financial situation after the fire the Browns have been forced to significantly reduce their home to a mobile home, far outside the city limits of Petal.

22. The equity the couple had created in their home has been lost.

23. Prior to the fire, Plaintiff Marnie Brown, the mother, was successfully pursuing a degree in nursing. Due to symptoms of her post-traumatic stress disorder, however, she was forced to withdraw from her post-secondary education courses for two semesters, which delayed her career goals and caused a financial hardship.

### The Speed Control Deactivation Switch

24. The Plaintiffs' 2001 Ford F-150 was installed with a Speed Control Deactivation Switch (SCDS), also known as a brake pressure switch.

25. The SCDS sits above the master cylinder of the braking system under the hood on the driver's side of the vehicle. Its purpose is to turn off the cruise control when the driver applies the brakes.

26. A thin film membrane separates brake fluid from the switch's electrical components.

27. The membrane can crack or break, and, if it does, brake fluid seeps into the electrical side of the switch.

28. The SCDS is designed to be "hot at all times," meaning that it is energized even when the vehicle is parked and the ignition is off.

29. The SCDS installed in the Browns' 2001 F-150, as well as other Ford vehicles made in earlier and later years, was known to Ford Motor Company as early as the mid-1990's to have a propensity to start fires when the vehicle was parked and turned off.

30. In May 1999, Ford issued a recall on the switch in conjunction with the National Highway Traffic and Safety Administration (NHTSA). However, the recall was limited to the 1992-93 Lincoln Towncars, Mercury Grand Marquis, and Crown Victoria models.

31. No recall was issued at that time on any other model or year, even though the same switch had been installed in numerous Ford models.

32. Ford continued to install the same switch in future lines of vehicles through at least 2004.

33. The SCDS was designed, manufactured, and installed in the Browns' F-150, in whole or in part, by Defendant Ford Motor Company.

34. Ford Motor Company marketed, sold, and distributed the SCDS as a component of 2001 model Ford F-150s, including the 2001 Ford F-150 owned by the Plaintiffs at the time of the May 10, 2011, fire.

35. At all times relevant hereto, Ford Motor Company directed or engaged in the manufacturing, distribution, design, assembly, marketing and sales of the 2001 Ford F-150 truck at issue, which was equipped with the subject SCDS.

36. The truck was subject to recall for the SCDS and the recall was still open at the time of the May 10, 2011 fire.

37. Plaintiffs did not receive notice of the recall.

38. The SCDS installed in the Browns' 2001 Ford F-150 was the sole source and cause of the May 10, 2011, fire that destroyed the family's home and property and that caused extensive, significant mental and emotional distress as well as pain and suffering.

### Count I
### Strict Liability

39. The above and foregoing are incorporated by reference and re-alleged below.

40. Ford Motor Company manufactured, sold, and distributed the SCDS as a component of 2001 model Ford F-150s, including the 2001 Ford F-150 owned by the Plaintiffs and placed this product in the stream of commerce.

41. Ford Motor Company manufactured, sold, and distributed the SCDS and 2001 Ford F-150 in a defective and unreasonably dangerous condition.

42. At the time the SCDS and subject 2001 Ford F-150 left the control of Ford Motor Company, the product was defective and unreasonably dangerous.

43. The SCDS and 2001 Ford F-150 were defective and unreasonably dangerous to users or consumers, including the Plaintiffs, at the time said products left control of Ford Motor Company.

44. At the time the SCDS and 2001 Ford F-150 left the control of Ford Motor Company, Ford Motor Company had knowledge, or in light of reasonably available information or in the exercise of reasonable care should have known, about the unreasonably dangerous condition of the SCDS and 2001 Ford F-150.

45. The SCDS and 2001 Ford F-150 failed to function as expected and, at the time the SCDS and 2001 Ford F-150 left the control of Ford Motor Company, there existed a feasible design alternative that would have prevented the May 10, 2011, fire, without impairing the utility, usefulness, practicality or desirability of the product to users or consumers, including the Plaintiffs.

46. The defective design of the SCDS and 2001 Ford F-150 sold to Plaintiffs proximately caused the damages and injuries to the Plaintiffs.

### Count II – Failure to Warn

47. The above and foregoing are incorporated by reference and re-alleged below.

48. The Defendants either knew, or upon the exercise of reasonable care should have known, that the SCDS installed in the subject 2001 Ford F-150 and the 2001 Ford F-150 itself were not safe, reliable, or suitable for the use for which they were intended for persons, including the Plaintiffs, to use and to operate in a reasonably safe manner.

49. The Defendants had full knowledge of the defects in design and manufacture of the SCDS and 2001 Ford F-150, which imposed on the Defendants a duty to warn those who would be placed in a position of unreasonable danger by use of the SCDS and 2001 Ford F-150, including the Plaintiffs.

50. The Defendants continuously failed to take appropriate action to warn of the dangerous condition of the products and of the dangers associated with their use.

51. The failure of the Defendants to warn about the dangerous conditions existing in the products, and with the use of the products, was a proximate cause of the Plaintiffs' damages and injuries.

### **Injuries and Damages**

52. The above and foregoing are incorporated by reference and re-alleged below.

53. As a direct and proximate cause of the wrongful acts of the Defendants as set forth hereinabove Plaintiffs are entitled to recover the following damages in an amount sufficient to fully compensate each Plaintiff:

> a. The total loss of the Plaintiffs' home, located at 115 Hamilton Drive, Petal, Mississippi;
>
> b. The loss of the contents of the Plaintiffs' home, including furniture, clothing, and other personal property;
>
> c. The loss of the Plaintiffs' 2001 Ford F-150;

    d. The cost to the Plaintiffs to obtain temporary housing while out of their home because of the fire;

    e. The diminishment in the quality of housing to the Plaintiffs because of the loss of their home by fire;

    f. Past, present, and future psychological injuries of each Plaintiff;

    g. Past, present, and future pain and suffering of each Plaintiff;

    h. Past, present, and future mental anguish, stress, and anxiety of each Plaintiff;

    i. Past, present, and future bills resulting from medical and mental or psychological care;

54. The Plaintiffs further state that the actions of the Defendants (1) in the defective design, manufacturing, inspecting, testing, distribution, and sale of the product in an unreasonably dangerous condition; (2) in the negligence also associated therewith; (3) in their intentional failure to correct the defects and to warn of the defects and of the hazards resulting from the design and/or manufacture of the defective product, and the use of the defective product; and (4) in their failure to take action promptly to correct these defects, constituted actual malice and gross negligence which evidences a willful, wanton and reckless disregard for the safety of others, including the Plaintiffs. Therefore, punitive damages should be awarded to the Plaintiffs in an amount sufficient to punish the Defendant and deter others from further similar wrongful acts.

## Jury Trial Demanded

55. The Plaintiffs demand a jury trial on all issues and claims for damages, pursuant to the Seventh Amendment of the United States Constitution.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs demand judgment of and from the Defendants, jointly and severally, for compensatory and punitive damages, in an amount to be determined by a jury, along with prejudgment and post-judgment interest, attorneys' fees, all costs of this proceeding, and any other relief to which the Plaintiffs are entitled.

RESPECTFULLY SUBMITTED, THIS, the 10TH day of March, 2014.

              **CHARLES BROWN; MARNIE BROWN;**
              **COURTNEY WELLS; AUSTIN WELLS;**
              **B.B., a minor, by and through his mother**
              **and father and next friends, Charles Brown**
              **and Marnie Brown; and G.B., a minor,**
              **by and through his mother and father**
              **and next friends, Charles and Marnie Brown**

By: _____
    John G. Corlew, MSB# 6526
    *Attorney for the Plaintiffs*

**Of counsel:**

John G. Corlew, MSB # 6526
**CORLEW MUNFORD & SMITH, PLLC**
4450 Old Canton Road; Suite 111 (39211)
P.O. Box 16807
Jackson, MS 39236-6807
Telephone: 601-366-1106
Facsimile: 601-366-1052
jcorlew@cmslawyers.com

Carroll H. Ingram, MSB# 3023
Jennifer Ingram Wilkinson, MSB# 99265
Allan L. Elkins, Jr., MSB# 104276
**INGRAM|WILKINSON, PLLC**
2901 Arlington Loop (39401)
Post Office Box 15039
Hattiesburg, MS 39404-5039
Telephone: 601-261-1385
Facsimile: 601-261-1393
carroll@ingramlawyers.com
jennifer@ingramlawyers.com
aj@ingramlawyers.com

9